## MAZOR v. SPRINGER et al.

### S. F. No. 3054; October 8, 1904.

#### 78 Pac. 474.

**New Trial—Newly Discovered Evidence—Time of Discovery.—** In an action against two defendants for work and labor, one defendant admitted that the work was performed at his request, and plaintiff and another witness testified that the other defendant also requested the performance of the work. On motion for a new trial on the ground of newly discovered evidence it was claimed that the defendant last mentioned was not at the place where this request was claimed to have been made on the date at which it was claimed to have been made; but no witnesses other than those present at the trial were mentioned as able to testify to this effect. No excuse for not calling these witnesses was produced, except the statement in the affidavit of the defendant who requested the services that the fact of the other defendant's absence at the time of the alleged interview had not occurred to defendants until after the trial. Held, that as the new evidence would not affect the liability of affiant, and as he was not qualified to speak for the other defendant, a new trial was properly refused.

APPEAL from Superior Court, Santa Clara County; M. H. Hyland, Judge.

Action by Stanislaus Mazor against Mary Springer and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

J. H. Campbell for appellants; B. A. Herrington for respondent.

SHAW, J.—This is an action to recover wages for labor performed. Defendants appeal from the judgment and from an order denying their motion for a new trial.

There was sufficient evidence to prove the allegation that the plaintiff performed the work in question at the request of the defendant Mary Springer. The plaintiff testifies positively to that effect, and he was corroborated by the witness Gilman. The answer does not deny the request so far as the defendant Sage is concerned. The plaintiff also testified, in effect, that the agreement was that he was to receive $15 for the first month and $25 per month thereafter, and

that he worked the entire time for which he claims, except seventeen days. This was sufficient to support the verdict. We cannot say, from the evidence, that the jury did not deduct the wages for the time he was absent, nor can we disturb the verdict, where the evidence is conflicting, although the preponderance may now seem to be for the defendants.

The court did not err in denying the motion for a new trial on the ground of surprise at the testimony of Gilman concerning the contract made in his presence between the plaintiff and the defendant Springer, and of the discovery of new evidence relating thereto. The new evidence was to the effect that on the afternoon on which Gilman said the conversation took place at the house of Mary Springer she was "many miles distant" from the house. It is not alleged that there was any witness, other than those present at the trial, by whom her absence at that time could have been proven; nor is her whereabouts at that time stated. The only excuse for not calling the witnesses present at the trial to testify to her absence was that contained in the affidavit of the defendant Sage, that the "fact of the absence of Mary Springer from the said Springer farm did not occur to their (defendant's) minds until several days after the trial was concluded." Her absence, if proven, would not affect the liability of Sage, who admits making the request. He was not qualified to speak concerning the mind and memory of Mrs. Springer, and she made no affidavit. Under these circumstances the court did not abuse its discretion in refusing a new trial upon these grounds.

The judgment and the order denying the defendants' motion for a new trial are affirmed.

We concur: Angellotti, J.; Van Dyke, J.